IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES SULLIVAN, JR., Administrator of the Estate of JOHN MICHAEL SULLIVAN | : : : : | CIVIL ACTION |
| vs. | : : | No. 2:25-cv-00456 |
| META PLATFORMS, INC., f/k/a, FACEBOOK, INC., ET AL. | : : | |

**PLAINTIFF'S RESPONSE TO META DEFENDANT'S MOTION TO STAY PROCEEDINGS**

The Court is well aware of the issues and arguments by the parties with respect to the removal of this matter from the Philadelphia County Court of Common Pleas, which Plaintiff asserts was done to improperly invoke this Court's diversity jurisdiction under the doctrine of "fraudulent-misjoinder" which this Court, and the Third Circuit have explicitly refused to adopt.

Respectfully, this Court should deny Defendant's application for a stay of a ruling on the Motion to Remand. The plain rules of the JPML panel give this Court specific authority to rule on the Motion to Remand, the policy of which is to allow transferee courts sufficient time to rule on pending Motions to Remand. *In re Asbestos Prods. Liab. Litig.*, 170 F. Supp. 2d 1348, 1349 n.1 (J.P.M.L. 2001) ("Those courts wishing to address [motions to remand] have adequate time in which to do so, [and] those courts concluding that such issues should be addressed by the transferee judge need not rule on them").

For the reasons set forth below, Plaintiff respectfully requests Defendant's Motion for a Stay be denied.

2

**I.    The Plaintiff, the SEPTA Defendants, the Kennedy Ford Defendants, and the Bryner Chevrolet Defendants Oppose a Stay**

As referenced in Plaintiff's Reply Brief to the Motion to Remand, counsel for Moving Defendant conducted a "meet and confer" with all counsel to this case. The Plaintiff, as well as counsel for SEPTA, the Kennedy Ford Defendants, and the Bryner Chevrolet Defendants *all oppose* a stay of this Court's ruling on Plaintiff's Motion to Remand, as referenced on the final page of Defendant Meta's Motion to Stay.

This is relevant so the Court may be made aware that Defendant Meta is the only party which believes a stay is both proper under the law and are in agreement with such a stay. The above parties all asserted at the meet and confer that this Court does not have subject matter jurisdiction over those parties, or this case, and opposed any relief that would delay remand to the Philadelphia County Court of Common Pleas for adjudication of the claims on the merits in a court which has jurisdiction.

**II.    The Rules Explicitly Provide This Court Authority to Rule on Plaintiff's Motion to Remand, Which Should Not Be Stayed**

Defendant Meta again spends significant time is spent imploring this Court to defer to the JPML panel consideration of the Plaintiff's Motion to Remand. The reason Meta implores this Court to defer to the JPML or stay their ruling on the Motion to Remand is transparent. They wish to avoid or delay consideration by this Court because they know this Court has explicitly rejected the fraudulent-misjoinder doctrine they have improperly raised as their basis for removal. Because the rejected fraudulent-misjoinder is the sole basis for their removal of this action, Defendant Meta is aware that this Court must remand this action to the state court and now attempts to convince this Court not to exercise its right to rule on the clearly proper Motion to Remand.

The law from the JPML is unequivocal that the district court retains jurisdiction to decide a pending motion to remand until the JPML decides whether or not to vacate a conditional transfer order that has been objected to[1]. Pursuant to JPML Rule 7.1(c), upon receipt of the notice of opposition "the Clerk of the Panel shall not transmit the transfer order to the clerk of the transferee district court" as "CTOs are effective when filed with the clerk of the transferee district court." *JPML Rule 7.1(h). and see Fu's Garden Restaurant v. Archer-Daniels-Midland Company*, 2000 WL 635440, *1 (N.D. Cal. 2000).

Under JPML rule 1.5, the Court retains jurisdiction to decide the pending Motion to Remand [D.E. 9].

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 **does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court**. An order to transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective only upon its filing with the clerk of the transferee district court.

When a notice of opposition to a conditional transfer order is filed, the transferor district court "retains jurisdiction to decide [a pending motion to remand]. *Fu's Garden Restaurant*, 2000 WL 635440, *1 (N.D. Cal. 2000), *and see Faulk v. Owens-Corning Fiberglass Corp.*, 48 F. Supp. 2d 653, 657 n. 2 (E.D. Texas Beaumont Division 1999), *and see Stempien v. Eli Lilly and Co.* U.S. Dist. LEXIS 28408, *2, 2006 WL 1214836 (emphasis added) ("[b]efore the transfer is effective, however, the *potential* transferee (the Northern District of California, here) court wields no such power over individual, unconsolidated cases." *Ill. Mun. Ret. Fund. V. Citigroup, Inc.*, 391 F.3d 844, 851-52 (7th Cir. 2004) (explaining that under §1407 and the JPML rules, a transferor district court retains authority to rule on pending motions, especially motions to remand where the court

---

[1] As noted on the docket, Plaintiff has both objected to the CTO, and has, yesterday, filed a Motion to Vacate the CTO in compliance with the briefing schedule set forth by the Panel. The JPML is likely to decide the issue on March 27, 2025 at the next meeting of the panel.

4

is "evaluating their own jurisdiction"). See R.P.J.P.M.L. 2.1 (d)[2]; *Pennsylvania v. McGraw-Hill Cos.*, 2013 U.S. Dist. LEXIS 49462, *6-*7 (M.D. Pa. Apr. 5, 2013).

Plaintiff respectfully suggests that this Court can, and should, rule on Plaintiff's Motion to Remand consistent with the law in this district.

### III. Because the Third Circuit Has Explicitly Rejected the Adoption of the Fraudulent-Misjoinder Doctrine, This Court Lack Subject Matter Jurisdiction and a Stay Promotes Neither Judicial Economy, Nor Public Interest, but Rather Threatens the Application of the Law in this District to Citizens of This District

Defendant Meta has incorrectly asserted in their response to Plaintiff's Motion to Remand that this Court *had* previously adopted the doctrine of fraudulent-misjoinder. [D.E. 23 at p. 8-9] ("Contrary to Plaintiff's suggestion, courts in this district *have* adopted the doctrine of fraudulent-misjoinder.") Defendant uses this incorrect statement of the law as part of their basis for requesting denial of remand and implementing a stay.

*Chaney* was a case in which Judge Bartle applied the law of the Eleventh Circuit from where the case was removed and transferred to an MDL in the Eastern District of Pennsylvania. *Chaney v. Gate Pharms. (In re Diet Drugs Prods. Liab. Litig.)*, 1999 U.S. Dist. LEXIS 11414, *13. The Eleventh Circuit is one of the minorities of circuit courts *which had* adopted the doctrine of fraudulent-misjoinder. *Id* ("In *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), the Eleventh Circuit recognized a third circumstance in which fraudulent joinder can be found. In *Tapscott*, the court stated that "misjoinder can be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action." *Tapscott*, 77 F.3d at 1360.")

---

[2] Current rule 7.1(c), having been amended in 2016.

Both *Chaney* and *Weaver*, the cases which Defendant cites for the mis-stated proposition that "courts in this district have adopted the doctrine of fraudulent-misjoinder" were cases in which a mass tort law firm put numerous *plaintiffs* on a single complaint simply to defeat diversity.

> Defendants correctly argue that **Plaintiffs** fail to point to any logical basis for the proposed joinder of the nonresident Plaintiffs. That argument is particularly compelling when most of the nonresident **Plaintiffs** reside in a jurisdiction in which at least one Defendant is a citizen. . . . The joinder rules are designed "to promote trial convenience and expedite the final determination of disputes." *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983) (citing *Mosley v. General Motors Corp.*, 497 F.2d 1330 (8th Cir. 1974)). The joinder of several **plaintiffs** who have no connection to each other in no way promotes trial convenience or expedites the adjudication of the asserted claims. Rather, the joinder of such unconnected, geographically diverse *plaintiffs* that present individual circumstances material to the final outcome of their respective claims would obstruct and delay the adjudication process. Given Plaintiffs' vast geographic diversity and lack of reasonable connection to each other, the court finds that the attempted joinder of the nonresident Plaintiffs wrongfully deprives Defendants of their right of removal.
>
> Because the court finds that the **Plaintiffs** that destroy diversity jurisdiction are **fraudulently joined** it may ignore the citizenship of those parties and exercise jurisdiction over this civil action

*Chaney v. Gate Pharms.* (*In re Diet Drugs Prods. Liab. Litig.*), 1999 U.S. Dist. LEXIS 11414, *16-18 (emphasis added). Both *Chaney* and *Weaver*[3] have no relevance or application to a case such as this, where a single Plaintiff has brought clearly cognizable

---

[3] *Weaver v. Am. Home Prods. Corp.* (*In re Diet Drugs Prods. Liab. Litig.*), 294 F.Supp.2d 667, 673 (E.D. Pa. July 30, 2003)

6

claims against joint tortfeasor[4],[5] defendants and have no application here, and do not adopt *in any way* the doctrine of fraudulent-misjoinder in this district, or in the Third Circuit.

That status of the law was made clear by Judge Schmel who stated clearly over 20 years after the *Weaver* and *Chaney* decisions that "[a]fter briefing and oral argument, **this Court declines to adopt the fraudulent-misjoinder doctrine**. As the Removing Defendants concede, **the Third Circuit has not adopted the fraudulent-misjoinder doctrine** since its inception in the Eleventh Circuit in 1996. And notably circuits remain split on whether the fraudulent-misjoinder doctrine out to exist at all." *See Ashworth v. Eurofins Donor & Prod. Testing, Inc.*, 2024 U.S. Dist. LEXIS 155783, *5, (E.D. Pa. Aug. 29, 2024) (J. Schmehl) (emphasis added) *and see Saviour v. Stavropoulos*, 2015 U.S. Dist. LEXIS 150793, *18 (E.D. Pa. Nov. 5, 2015) (J. DuBois.

Defendant Meta has no interest in the "Judicial Economy" or the "Public Interest." Judicial economy would have been served had Defendant analyzed the law in this District before filing a removal based upon a doctrine that this District, and the Third Circuit have refused to adopt. Since the improper removal by Defendant Meta, there have been over 20 filings on this District Court's docket, along with substantial motion and pleading practice in front of the JPML

---

[4] Pennsylvania Law defines joint tortfeasors as follows: "If two or more causes combine to produce a single harm which is incapable of being divided on any logical, reasonable, or practical basis, and each cause is a substantial factor in bringing about the harm, an arbitrary apportionment should not be made." *Capone v. Donovan,* 332 Pa. Super. 185, 189, 480 A.2d 1249, 1251 (1984), citing Restatement (Second) of Torts § 433A Comment i (1977) and Prosser, Law of Torts § 47 (1941). "Most personal injuries are by their very nature incapable of division." *Id.* "If the tortious conduct of two or more persons causes a single harm which cannot be apportioned, the actors are joint tortfeasors even though they may have acted independently."" *Id and see 42 Pa. Const. Stat. Ann. 8324(a)*.

[5] "Piecemeal litigation is not to be encouraged", and "[p]articularly is this so in the field of personal injury litigation". *Stevenson v. General Motors Corp.*, 513 Pa. 411, 423 (1987) (*quoting Brown v. General Motors Corp.*, 67 Wash.2d 278, 282, 407 P.2d 461, 464 (1965); *see also Hosie v. Chicago and North Western Railway Co.*, 282 F.2d 639, 643-44 (7th Cir. 1960) "Separation of issues for trial is not to be routinely ordered." *Lis v. Robert Packer Hosp.*, 579 F.2d 819, 824 (3d Cir. 1978) *and see Commonwealth v. Akbar*, 2014 PA Super 89, 91 A.3d 227, 232 (2014) (*citing Commonwealth v. Birdsong*, 611 Pa. 203, 24 A.3d 319, 336 (2011)) *(*Joint trials are favored when judicial economy will be served by avoiding the expensive and time-consuming duplication of evidence.)

to comply with their procedural rules.  Many of the pleadings are highly duplicative, even the pleadings in front of this Court are addressing the nearly identical issue.  It is the opposite of judicial economy to burden courts with such significant motion practice, advancing a doctrine this Court has explicitly refused to adopt.

The same is true of the "Public Interest."  The public has a significant interest in the consistent application of the law in their forum district.  Defendant Meta chose to conduct business in this district, and offer their social media applications to the Plaintiff's Decedent in this district.  He was harmed as a result of its use when he was sexually extorted in this district, died in this district, and filed a lawsuit in the state court in this district against numerous Defendants from this district, along with the Meta Defendants who chose to conduct business in this district.  The "public" has a very real interest in ensuring the fair and consistent application of the law developed *in their own district* as opposed to the law in a district where of the Meta Defendants reside[6].

Further, there are very real concerns of fundamental unfairness and prejudice to a plaintiff like James Sullivan, Jr., here, whose adult son lost his life in scenarios unrelated to those of the ongoing MDL[7]. *See Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1048 (E.D. Wis. May 18, 2001) (citing *Earle F. Kyle, IV*, *The Mechanics of Motion Practice Before the Judicial Panel on Multidistrict Litigation*, 175 F.R.D. 589, 590 (1998) ("the Panel can seize control of your case, thrust you into someone else's litigation halfway across the country, and relegate you to '100th chair' status in an already over-lawyered mass litigation"); *Mike Roberts, Multidistrict Litigation*

---

[6] MDL No. 3047 is in the Northen District of California, where the Meta Defendants' reside at 1 Meta Way, Menlo Park CA 94025.
[7] The most recent complaint filed in the Transferee District, the Second Amended Master Complaint aptly describes the Plaintiffs in that case: "This Complaint is filed on behalf **of children** who suffered personal injuries . . ." *See In re: Social Media **Adolescent** Addition/Personal Injury Prods. Liab, , Pls.' Second Am. Compl.*, at ¶ 21, No. 4-22-MD-03047, at ECF No. 494.  Plaintiff's Decedent was twenty years old at the time of his death.

*and the Judicial Panel, Transfer and Tag-Along Orders Prior to a Determination of Remand: Procedural and Substantive Problem or Effective Judicial Public Policy*?, 23 Memphis St. U. L. Rev. 841, 843 (1993) (observing that a plaintiff may be "swiftly transferred from his state court to his home federal district and then whisked to an unknown, unpredictable United States district judge")). The *Meyers* court stated it eloquently:

> "Removing a case to federal court has long been known to impose a burden upon plaintiffs; at a minimum, it requires the plaintiff to present its arguments for remand in a foreign forum, often at a considerable distances from the local county courthouse and before a judge who might be less sympathetic to the plaintiff's cause than a judge who is local(and often, elected)."

*Meyers*, 143 F. Supp. 2d at 1048.

## IV.     CONCLUSION

Plaintiff has engaged in no party or claim manipulation such as in the *Weaver* or *Chaney* cases.  Calling this removal attempt for what it is, Defendant Meta is simply upset about and does not like the forum in which they have been sued so they seek to change that forum using legal doctrines explicitly rejected in this district.  This is called forum shopping, and a Defendant cannot "forum shop" which district they can be sued in.  Defendant Meta's discontent in where they have been sued pales in comparison to that of the Plaintiff, having to file a lawsuit as a result of his son's wrongful death.  Plaintiff has followed the law to the letter in the filing of this action asserting viable claims against proper Defendants.

Denial of the stay will promote judicial economy and public interest by obviating the need for the JPML to consider nearly identical motions and allow prompt ruling on the Motion to Remand in the forum District.  Further, denial will promote public interest as the Meta Defendants chose to conduct business in this district.  Denial (and remand) will ensure the parties to this case as well as the public know that when companies choose to conduct business in this district and

cause harm in this district, their conduct will be judged by the fair and equal application of the law of this district, not a foreign district of a Defendant's choosing, particularly one in which they are at home.

For the above reasons, and for good cause, Plaintiff respectfully requests this Honorable Court Deny Defendant's Motion for a Stay of the Ruling on the Plaintiff's Motion to Remand and Enter an Order in the form attached hereto.

Respectfully submitted,

**STAMPONE O'BRIEN DILSHEIMER HOLLOWAY**

BY: _/s/ Kevin P. O'Brien_
KEVIN P. O'BRIEN, ESQUIRE
TYLER J. STAMPONE, ESQUIRE
500 Cottman Avenue
Cheltenham, PA 19012
(215)633-0400
kobrien@stamponelaw.com
ID No.: 313081
tstampone@stamponelaw.com
ID. No.: 324400

**DICELLO LEVITT LLP**

BY: _/s/ Diandra Debrose_
DIANDRA DEBROSSE, ESQUIRE
ELI J. HARE, ESQUIRE
GRANTHAM P. PATTERSON, ESQUIRE
505 20th Street North, Suite 1500
Birmingham, AL, 35203
*Pro Hac Vice Forthcoming*
Attorneys for Plaintiff

10